UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| XENA AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04282-JRS-MPB |
| | ) |
| BARBARA HUTCHINSON, | ) |
| DAVID MURTLAND, | ) |
| BILLIE PATTON, | ) |
| FEDEX, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion to Dismiss (ECF No. 14)**

*Pro se* Plaintiff Xena Ames brings claims for race, color, sex, and disability discrimination and retaliation against FedEx and various FedEx employees, pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Defendants FedEx, Barbara Hutchinson, David Murtland, and Billie Patton (collectively, the "Defendants") move to dismiss Ames's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6) and 41(b). The time to respond to this motion has passed, and Ames has not filed a response. For the following reasons, Defendants' motion to dismiss (ECF No. 14) is **granted** in part and **denied** in part. Ames's Motion for Extension of Time to File an Amended Complaint (ECF No. 10) is **granted**.

## Background[1]

Ames's Second Amended Complaint alleges that Hutchinson, Murtland, and Patton (collectively, the "Individual Defendants"), employees of FedEx and members of the Masonic Order and the Order of the Eastern Stars, have been attacking Ames since she began her employment with FedEx. (2nd Am. Compl., ECF No. 7 at 4.) Ames is also a Masonic Order and Eastern Stars member. (*Id.* at 7.) As best as can be discerned from Ames's Second Amended Complaint, it appears that the Individual Defendants investigated Ames's past and obtained information on her past employment, organization affiliation, past relationships, and medical history. (*Id.* at 4.) The Individual Defendants then used this information to harass Ames at work. (*Id.*) Rumors about Ames having a sexually transmitted disease began circulating in the workplace. (*Id.*)

Ames believes that Defendant Tamica Dickerson, who is not a part of this motion to dismiss and is not an employee of FedEx, told Hutchinson to have Ames fired. (*Id.*) Ames claims that Hutchinson physically abused her, threatened her, made comments about her race, color, hair, and hygiene, told employees Ames had an STD, retaliated against Ames, and watched Ames in her home. (*Id.* at 9.) Ames reported Hutchinson's physical harassment to Patton, and Ames believes Patton collaborated with Hutchinson to cover up Ames's injury. (*Id.* at 11.) Ames also alleges that Hutchinson gave her three "write-ups" at work to have Ames fired. (*Id.* at 11.) The first write-up occurred when Ames, presumably while driving a FedEx vehicle, made

---

[1] Consistent with the Rule 12(b)(6) standard, Ames's non-conclusory allegations are taken as true for purposes of Defendants' motion to dismiss.

a U-turn in the building. (*Id.*) Ames told her supervisor that a safety officer told her to make this U-turn, but she still received a write-up. (*Id.* at 12.) The write-up states that Ames caused damage to equipment, but Ames alleges that while she was turning, another employee hit her cart and caused the damage. (*Id.*) The second write-up Ames received was for driving through a stop sign without honking her horn and coming to a complete stop. (*Id.*) There was no video footage of the incident, so Ames appealed the decision to give her a write-up. (*Id.*) The appeal was not successful. (*Id.*) The third write-up occurred when Ames was not wearing hearing protection. (*Id.*) Ames had her earplugs around her neck at the time because she was listening to her training instructor. (*Id.* at 13.) All three write-ups occurred within a six-month period and after Ames filed her claim with the EEOC. (*Id.*)

## Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie*

3

*v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Hamilton v. O'Leary,* 976 F.2d 341, 343 (7th Cir. 1992)) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'"). "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity . . . to amend the complaint to correct the problem if possible." *Bogie,* 705 F.3d at 608. Nonetheless, leave to amend need not be given if the amended pleading would be futile. *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

## Motion for Extension of Time

On January 22, 2020, Ames filed her Second Amended Complaint (ECF No. 7) and a Motion for Extension of Time to File Amended Complaint (ECF No. 10). In her motion, Ames asks the Court for twenty extra days to file an amended complaint. Because Ames simultaneously filed her Second Amended Complaint with this motion, the Court construes her motion as a request for leave to file a second amended complaint. Defendants did not object to Ames's motion nor to the filing of her Second Amended Complaint, and their motion to dismiss seeks dismissal of the Second Amended Complaint. Ames's motion (ECF No. 10) is therefore **granted**.

## Discussion

Defendants argue that the Court should dismiss this action because (1) Ames failed to serve Defendants within 90 days of filing her original Complaint; (2) Ames failed to comply with Federal Rule of Civil Procedure 4 when serving the Defendants;

4

(3) Ames failed to state a claim upon which relief can be granted against the individual Defendants; and (4) Plaintiff's claims against FedEx exceed the scope of her EEOC charge. The Court addresses each in turn.

1. <u>Failure to Timely Serve Defendants</u>

Defendants argue that Ames failed to serve Defendants within 90 days, in violation of this Court's November 6, 2019 Order (ECF No. 4) and Rule 4. Ames's first Complaint was filed on October 21, 2019. Defendants were served on January 23— 94 days after Ames filed her original Complaint. (ECF No. 12.) Under Rule 41(b), a defendant may move to dismiss an action when the plaintiff fails to comply with the federal rules of civil procedure or a court order. But a "Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (citing *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011)). Generally, a finding of a willful violation is required to dismiss a case under Rule 41(b). *Id.* (citing *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000)).

There is no evidence that Ames willfully violated Rule 4 or this Court's order. Serving Defendants four days late is hardly the type of "contumacious conduct" that has prompted courts to dismiss actions against noncompliant plaintiffs. *See, e.g.*, *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007) (dismissing a plaintiff's complaint because counsel failed to attend three status hearings, filed pleadings after court-ordered deadlines, and failed to turn over discovery materials); *Harrington v.*

*City of Chicago*, 433 F.3d 542, 550 (7th Cir. 2006) (dismissing plaintiff's complaint for failure to appear for court dates, disclose material documents, and respond to written discovery); *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1180 (7th Cir. 1987) (dismissing plaintiff's complaint for failure to respond to requests for production and interrogatories). The Court declines to dismiss Ames's complaint for a minor technical violation of Rule 4.

2. <u>Failure to Properly Serve the Defendants</u>

Defendants next argue that Ames failed to comply with Rule 4 because in attempting to serve Defendants, she did not request or obtain return receipts showing proof of service. Rule 4(e)(1) allows for service of process on individuals by: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Corporations may also be served in accordance with Rule 4(e)(1). *See* Fed. R. Civ. Pr. 4(h)(1). Indiana Rule of Trial Procedure 4.1(A)(1) permits service by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter[.]" Ames filed a Return of Service (ECF No. 12) that shows copies of the summons and complaint were scheduled to be delivered via FedEx Priority Overnight Shipping to the Defendants on January 23, 2020, but does not show that delivery was actually made. Further, it does not appear that Ames requested a return receipt for the packages.

However, Indiana Trial Rule 4.15(F) cures defects in summons or service thereof "when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Trial Rule 4.15(F) "only cures technical defects in the service of process, not the total failure to serve process." *LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993); *see also Homer v. Jones-Bey*, 415 F.3d 748, 757 (7th Cir. 2005). Actual notice alone will not cure defective service, but "it may be considered in determining whether the notice was reasonably calculated to inform the party of the action." *Northwestern Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 955 (Ind. Ct. App. 1999).

Although not requesting a return receipt may at first appear to be a technical defect, inherent in the way Indiana law defines "service" is the ability to provide proof in court that service has been made. *Homer*, 415 F.3d at 755-56 (citing *Hendricks County Bank and Trust Co. v. Guthrie Bldg. Materials, Inc.*, 663 N.E.2d 1180, 1185 (Ind. Ct. App. 1996); *Leons v. Bloemker*, 649 N.E.2d 1041, 1043 (Ind. Ct. App. 1995); *Bayes v. Isenberg*, 429 N.E.2d 654, 659 (Ind. Ct. App. 1981)). The Indiana Supreme Court defines "service of notice" as "personal service of the individual *in such a way that the party who makes service may be in a position to make due proof thereof to the court*." *Hendricks*, 663 N.E.2d at 1185 (quoting *Lock Joint Tube Co. v. Citizens Trust and Sav. Bank of South Bend,* 218 Ind. 162, 170, 31 N.E.2d 989, 993 (1941) (emphasis added)). "Service of notice upon a person or entity imposes legal obligations and consequences that make the manner and proof of such notice of utmost importance." *Id.* Accordingly, Indiana law places the risk of errant mail service on

7

the plaintiff, who chooses that method of service and is in the best position to establish whether it was proper. *Homer*, 415 F.3d at 755–56 (citing *Roberts v. Watson*, 359 N.E.2d 615, 619–20 (Ind. Ct. App. 1977)).

For example, in *Robinson v. Turner*, 886 F. Supp. 1451 (S.D. Ind. 1995), a prisoner plaintiff attempted to serve several correctional officers by sending the summons to the prison via certified mail. *Id*. at 1453. The prison's mail room clerk signed and returned some, but not all, of the certified mail receipts. *Id*. The court found that the burden was on the plaintiff to re-serve the defendants who had not returned the signed return receipts, as there was no proof that they had actually been served. *Id*. at 1454. *See also Hendricks*, 663 N.E.2d at 1185 (rejecting service by fax because plaintiff could not demonstrate that notice was in fact delivered to someone authorized to accept it).

Similarly, Ames' attempted service lacks adequate proof or a sufficient return. Ames failed to serve Defendants pursuant to T.R. 4.1(A)(1) by sending the summons and complaint via FedEx without requesting and obtaining return receipts. Such complete non-adherence cannot be cured by T.R. 4.15(F), especially in light of the importance Indiana law attaches to the existence of a return of service. Therefore, Plaintiff is given an additional ninety (90) days to properly serve FedEx. *See* Fed. R. Civ. Pr. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time[.]"); *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).

FedEx has also correctly pointed out that in serving FedEx, Ames addressed the summons to an individual to whom service was not allowed. Service upon a corporation must be made to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. Pr. 4(h)(1); T.R. 4.6(A)(1). FedEx stated, in its brief, that its registered agent authorized to accept service of process is: "C T Corporation System." When serving FedEx, Ames must address the summons to C T Corporation System.

3. <u>Failure to State a Claim Against Individual Defendants</u>

Defendants assert that Title VII and the ADA do not provide for individual liability, and that Ames's claims against Hutchinson, Murtland, and Patton must be dismissed. The Seventh Circuit has long held that employees, in their individual capacities, do not fall within the ADA's or Title VII's definition of "employer." *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (narrowly construing the ADA's definition of "employer" to exclude individual employees); *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995) (adopting *AIC*'s reasoning and holding that Title VII's definition of "employer" similarly does not include individual employees). Ames sues Hutchinson, Murtland, and Patton in their individual capacities for harassment, retaliation, and discrimination in the workplace. While FedEx may ultimately be liable for such actions, Ames cannot pursue Title VII and ADA claims against the Individual Defendants. Accordingly, Ames's claims against Hutchinson, Murtland, and Patton are **dismissed**.

4. <u>Claims Exceeding Scope of EEOC Charge</u>

Lastly, FedEx argues that because Ames's EEOC Charge of Discrimination only alleges discrimination based on race and retaliation, (EEOC Charge, ECF No. 1-5), her claims for sex and disability discrimination should be dismissed. In the EEOC Charge, Ames checked the boxes for discrimination based on "race" and "retaliation" and alleged that she was retaliated against for filing an internal complaint of discrimination against Hutchinson. Ames explained that Hutchinson told a co-worker: "I do not like my boyfriend dating an African American woman such as Ames." A few days after Ames filed a complaint based on this incident she was written up by Patton, a close friend of Hutchinson, for running stop signs on company property.

In her Second Amended Complaint, Ames alleges she was also discriminated against because of her gender and disability. Ames does not provide the basis for which she believes she was discriminated against on account of her sex. As for her disability, Ames alleges that the Individual Defendants obtained her medical records and used that information to "abuse [her] mentally and physically due to [her] disability." (2nd Am. Compl., ECF No. 7 at 5.)

Generally, a plaintiff cannot bring claims under Title VII that were not originally included in the charges made to the EEOC, except for claims that are "like or reasonably related to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "The charge and the complaint may be reasonably related if, 'at a minimum,' they 'describe the same circumstances and participants.'" *Cervantes v.*

*Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019) (quoting *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005)).

Ames does not provide the Court with a sufficient factual basis to determine if her sex and disability discrimination claims are "reasonably related" to her race and retaliation claims. Therefore, Ames's sex and disability discrimination claims are **dismissed** without prejudice to filing an amended complaint. In amending her complaint, Ames must set forth the specific conduct, time frame, and participants of the alleged sex and disability discrimination.

## Conclusion

For the reasons stated above, Defendants Motion to Dismiss (ECF No. 14) is **granted** in part and **denied** in part. Ames's claims against Hutchinson, Murtland, and Patton are **dismissed with prejudice**. Ames's sex and age discrimination claims against FedEx are **dismissed without prejudice** to filing an amended complaint. Ames shall have thirty (30) days from the date of this order to file her third amended complaint.

Ames shall also have ninety (90) days to properly serve FedEx pursuant to Rule 4(m). Failure to do so will result in the dismissal of her entire action without further notice.

Ames's Motion for Extension of Time to File Amendment Complaint (ECF No. 10) is **granted**.

**SO ORDERED.**

Date: 4/21/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

XENA AMES
10090 Eagle Eve Way
Indianapolis, IN 46234

Distribution via CM/ECF to all registered counsel.

12