UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| XENA AMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04282-JRS-MPB |
| | ) | |
| BARBARA HUTCHINSON, | ) | |
| DAVID MURTLAND, | ) | |
| TAMYKA DICKERSON, | ) | |
| BILLIE PATTON, | ) | |
| JOCELYN MILLER, | ) | |
| FEDEX, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order**

Plaintiff Xena Ames brings claims for race, color, sex, age, gender, and disability discrimination and retaliation against FedEx and various FedEx employees under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). Ames's Third Amended Complaint names the following defendants: FedEx, David Murtland, Tamika Dickerson, Jocelyn Miller, Barbara Hutchinson, and Billie Patton. Defendants FedEx, Hutchinson, Murtland, and Patton (collectively, the "Defendants") move to dismiss Ames's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons: (1) Ames's Motion to Withdraw Amended Complaint, (ECF No. 24), is **granted**; (2) Defendants' Motion to Dismiss, (ECF No. 27), is

**granted**; (3) Ames's request to send a personal letter to the Court, (ECF No. 29), is **denied**; (4) Ames's Petition to "Expedite Trial," (ECF No. 30), is **denied**; and Ames's Motion for Settlement Conference, (ECF No. 31), is **denied**.

## I. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, the plaintiff must respond meaningfully to the motion to dismiss, clearly establishing the legal basis for its claim, in order to stave off dismissal. *See Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1043 (7th Cir. 1999). A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).[1]

"[I]f a plaintiff pleads facts that show [her] suit [is] barred . . . [she] may plead [herself] out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at

---

[1] Counsel entered an appearance on Ames's behalf in January 2021. However, Ames's filings discussed in this Entry were filed without the assistance of counsel, that is, *pro se*. Thus, the more liberal construction is afforded her Third Amended Complaint.

1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Hamilton v. O'Leary,* 976 F.2d 341, 343 (7th Cir. 1992)) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'").  "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity . . . to amend the complaint to correct the problem if possible." *Bogie*, 705 F.3d at 608.  Nonetheless, leave to amend need not be given if the amended pleading would be futile. *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

## II. Discussion

The facts in this case are set out in the Court's Order Granting Motion to Dismiss. (*See* ECF No. 20 at 2–3.)  Brief elaboration of the procedural background in this action is in order, though, because Ames's claims have shifted in nature and scope throughout these proceedings.  In commencing this action, Ames filed a *pro se* form Complaint for Employment Discrimination (ECF No. 1) along with a Civil Cover Sheet (ECF No. 1-1) (checking the "ADA" basis of jurisdiction box, the "Retaliation" discriminatory conduct box, and the "race, color, gender/sex" discrimination bases boxes without further elaboration) , a "Complaint for Employment Discrimination," which added the ADEA, provided a listing of claims, and included a narrative of her complaints against the Defendants (ECF No. 1-2), an Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights letter (ECF No. 1-3), a FedEx letter denying her worker's compensation claim (ECF No. 1-4), and an EEOC Charge of

Discrimination (ECF No. 1-5), checking the "race" and "retaliation boxes and providing a brief recitation.  She has since filed four separate documents, (ECF Nos. 5, 7, 21, and 22), each styled as "Amendment to My Complaint," in the same narrative style as ECF No. 1-2, and each containing a different listing of the parties being sued.  Defendant listings not only differ between each of these complaints, but also within each individual complaint itself (e.g., between the defendant listings in the caption, the separate listing of defendants, and the allegations against each defendant).  The most recent filings (ECF Nos. 21 and 22) came after the Court had allowed claims to proceed against certain defendants proceeding pro se and not a party to that prior Motion to Dismiss, (ECF No. 14), had dismissed the claims against Defendants Hutchinson, Murtland and Patton with prejudice, and had dismissed the claims against FedEx without prejudice, granting Ames leave to amend her Second Amended Complaint, (ECF No. 7), accordingly.  (ECF No. 20 at 11.)  Ames did so, having now filed her Third Amended Complaint, (ECF No. 21), and her Fourth Amended Complaint, (ECF No. 22).  The Court now **grants** Plaintiff's Motion to Withdraw Amended Complaint.  (ECF No. 24.)  Thus the Fourth Amended Complaint, (ECF No. 22), has now been withdrawn and because an amended complaint completely replaces the prior operative complaint, *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."), the Third Amended Complaint, (ECF No. 21), is the operative Complaint in this case.  Defendants now move to dismiss Ames's

Third Amended Complaint (the "Complaint'), (ECF No. 21), for failure to state a claim.  (ECF No. 27.)

Defendants argue that the Court should dismiss this action because (1) this Court previously dismissed Ames's claims against Hutchinson, Murtland, and Patton with prejudice and Ames may not resurrect them in her amended pleading; (2) Ames's age, sex, color, gender, and disability discrimination claims exceed the scope of her EEOC charge of discrimination; and (3) Ames's Complaint fails to state a claim for any cause of action, even under the most liberal reading.  (ECF No. 28 at 2.)  The Court addresses these arguments in order.

### A. Claims Against Hutchinson, Murtland, and Patton

Ames's Complaint realleges Title VII and ADA claims against Hutchinson, Murtland, and Patton (collectively, the "Individual Defendants"), and, for the first time, alleges ADEA claims against them.  Defendants assert that because this Court previously dismissed Ames's claims against the Individual Defendants with prejudice, Ames was barred from bringing those same claims in her amended pleading.  As the Court previously held, (Order, ECF No. 20 at 9), Ames cannot pursue Title VII and ADA claims against the Individual Defendants.  *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (ADA); *Williams v. Banning*, 72 F.3d 552, 554–55 (7th Cir. 1995) (Title VII).  Similarly, Ames cannot bring ADEA claims against the Individual Defendants, because "there is no individual liability under the [ADEA]." *Anderson v. Ctrs. for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012); *see also Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602,

610 n.2 (7th Cir. 2004) ("[W]e have suggested that there is no individual liability under the ADEA."); *Csoka v. U. S. Gov't*, No. 94-1204, 1996 WL 467654, at *5 94 F.3d 647 (7th Cir. 1996) (unpublished table decision) ("The ADEA, like Title VII, does not authorize individual liability claims . . . ."). Indeed, it has long been the case that "'[c]ourts routinely apply arguments regarding individual liability to all three statutes [the ADA, the ADEA and Title VII] interchangeably.'" *Banning*, 72 F.3d at 553–54 (quoting *AIC Sec. Investigations*, 55 F.3d at 1280). Accordingly, Ames's federal claims against Hutchinson, Murtland, and Patton are **dismissed with prejudice**. Additionally, although Defendants Jocelyn Miller and Tamika Dickerson have not joined in the motion to dismiss, Ames's claims against them are likewise **dismissed with prejudice** because Ames's Title VII, ADA, and ADEA claims against them are also noncognizable individual liability claims.

### B. Claims Against FedEx

Turning to the remaining claims asserted against FedEx in the Complaint, Defendants next argue that Ames's age, sex, color, gender, and disability discrimination claims exceed the scope of her EEOC charge of discrimination. Generally, a plaintiff cannot bring claims under Title VII that were not originally included in the charges made to the EEOC, except for claims that are "like or reasonably related to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "The charge and the complaint may be reasonably related if, 'at a minimum,' they 'describe the same circumstances and participants.'" *Cervantes v. Ardagh Grp.*, 914 F.3d 560,

565 (7th Cir. 2019) (quoting *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005)).

In her EEOC Charge, Ames checked the boxes for discrimination based on "race" and "retaliation" as the only bases of her discrimination claims against FedEx. She also omitted any mention of these bases anywhere else on the form, including in the "Particulars" section. although she did allege that she was retaliated against for filing an internal complaint of discrimination against Hutchinson. (EEOC Charge, ECF No. 1-5.) Ames explained that Hutchinson told a co-worker: "she did not like her boyfriend dating African American women" such as Ames. (*Id.*) A few days after Ames filed a complaint based on this incident, she was written up by Patton, a close friend of Hutchinson, for running stop signs on company property. (*Id.*)

Having previously failed to provide the Court with a sufficient factual basis to determine if Ames's sex and disability discrimination claims were "reasonably related" to her race and retaliation claims, the Court dismissed those claims without prejudice. (Order, ECF No. 20 at 11.) But Ames, again, fails to provide in her Complaint a basis for which she believes she was discriminated against on account of her sex. As for her disability, which remains undisclosed, Ames merely realleges that the Individual Defendants obtained her medical records and used that information to "abuse [her] mentally and physically due to [her] disability." (3d Am. Compl., ECF No. 21 at 15.) This is insufficient to provide the required nexus, failing, for example, to set forth the specific conduct, time frame, and participants of the alleged sex and disability discrimination as previously ordered. (*See* Order, ECF No. 20 at 11 ("In

amending her complaint, Ames must set forth the specific conduct, time frame, and participants of the alleged sex and disability discrimination.")).

Ames's Complaint also fails to provide a basis for which she believes she was discriminated against on account of her gender or color. Likewise, Ames does not provide a sufficient factual basis to support her newly alleged claim that she was discriminated against on account of her age, which is not even set forth in the pleadings.

Because Ames does not provide the Court with a sufficient factual basis to determine if her age, sex, color, gender and disability discrimination claims are "reasonably related" to her race and retaliation claims, Ames's age, sex, color, gender and disability discrimination claims are **dismissed with prejudice**.

Not only is the Complaint devoid of a factual basis setting forth the specific conduct, dates, and participants of the alleged discrimination to allow the Court to find any of the alleged discrimination was "reasonably related" to the EEOC charge and thus within the scope of its race and retaliation charges, as noted above, but the Complaint lacks the basic elements of a *prima facie* claim for any plausible discrimination allegations, whether within the scope of the EEOC charge or not, under Title VII, the ADA, or the ADEA. *See Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (court must determine whether plaintiff's complaint "state[s] a claim to relief that is plausible on its face") (quoting *Twombly*, 550 U.S. at 570). For example, Ames does not plead: that she was over 40 years old (although this is discernable from the EEOC Charge of Discrimination, which was attached to the original complaint (*see*

*Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (court may consider exhibit referenced in complaint and central to plaintiff's claims when ruling on motion to dismiss)), but which does not plausibly provide notice of any material adverse employment action), or disclose her disability, that her job performance met FedEx's legitimate expectations, that she suffered an adverse employment action, or that she was treated less favorably than another similarly situated employee not in the protected class (e.g., a white, male, non-disabled, younger person). *See LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 360 (7th Cir. 2019) (citing *McKinney v. Office of Sheriff of Whitley Cnty.*, 866 F.3d 803, 807 (7th Cir. 2017)); *Horwitz*, 260 F.3d at 610. The Complaint still does not plead facts plausibly entitling Ames to relief.   At the pleading stage, "the point [of notice] is that it is *necessary* to give the defendants notice of the claims against them, not that giving the defendants notice is *sufficient* to state a claim." *Adams*, 742 F.3d at 729 (emphasis in original); *see also Erickson*, 551 U.S. at 27 ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("Taking *Erickson* and *Twombly*, together, we understand the [Supreme] Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). Here, Ames's Complaint, beyond merely listing by name a litany of her claims under a section entitled "Statement of Claim," fails to include a "short plain statement" of each such claim under the narrative "Facts of My

9

Case," in general or in specific as it relates to each Defendant, or to FedEx at all, under the subsection entitled "Defendants."  Rather, the Complaint's narrative relates to her complaints against the individual Defendants, which themselves are not liable, and some of which happened to be co-workers, while some were not.  Also, simply listing a number of claims in her Complaint, or merely checking wholly uncontextualized checkboxes on a *pro se* complaint form—or as will be taken up next, including with the original filing an EEOC Charge form also with uncontextualized checkboxes checked alleging race discrimination or retaliation—without naming a single fact plausibly to support the list or checked boxes, is insufficient to state a claim.

### C. Ames's Remaining Claims Against Defendants

Defendants assert that Ames fails to provide "even the most basic facts supporting her claims," (ECF No. 28 at 5), and that her remaining claims should therefore be dismissed.  The Court agrees with Defendants for the following reasons.

### 1. Title VII Race Discrimination Claim

Ames fails to allege enough facts to state a plausible claim against Defendants for race discrimination.  Under Title VII, an employer may not discriminate based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a).  To succeed on a Title VII claim, the plaintiff-employee must prove three elements:

> [1] [s]he is a member of a class protected by the statute, [2] that [s]he has been the subject of some form of adverse employment action (or that [s]he has been subjected to a hostile work environment), and [3] that the employer took this adverse action on account of the plaintiff's membership in the protected class.

*Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013)).  "The legal standard used to evaluate a discrimination claim 'is simply whether the evidence,' considered as a whole, 'would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action.'" *Id.* (quoting *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)).  "While [a court] may use the familiar burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as 'a means of organizing, presenting, and assessing circumstantial evidence in frequently recurring factual patterns found in discrimination cases,' it is 'not the only way to assess circumstantial evidence of discrimination.'"  *Id.* (quoting *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017)).

Here, Ames pleaded sufficient factual detail to show that the first element of a Title VII claim can be met.  Ames is a member of a class protected by Title VII because she is African American.[2]  However, Ames's complaint fails to allege that the second element of a Title VII claim can be met; namely:  "Adverse action must be material." *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 885 (7th Cir. 1998).  "[N]ot everything that makes an employee unhappy is an actionable adverse action.  Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'"  *Smart v. Ball*

---

[2] As required, Ames has properly exhausted her administrative remedies as to her race and retaliation claims.  *See Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) ("Title VII does not authorize the filing of suit until the plaintiff has exhausted [her] administrative remedies . . . .") (citing 42 U.S.C. § 2000e–16(c))).

*State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996) (quoting *Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996)).   "To be actionable, there must be a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"   *Stutler v. Ill. Dep't of Corrections*, 263 F.3d 698, 703 (7th Cir. 2001) (quoting *Bell v. EPA*, 232 F.3d 546, 555 (7th Cir. 2000)).   Here, Ames alleges that she received three negative performance "write-ups."   (3d Am. Compl., ECF No. 21 at 41–42.)   However, Ames concedes that all three write-ups were for safety violations, (*see id.*), and these three write-ups do not constitute a significant change in employment status, *see Stutler*, 263 F.3d at 703; i.e., they are not material. Moreover, Ames fails to allege any material action that would constitute an adverse action.

Even if Ames had alleged an adverse action, though, she fails to allege factual detail to show that the third element of a Title VII claim can be met.   Ames has not alleged that FedEx took an adverse action against her on account of her being African American.   Indeed, even if there were an adverse action in this case, drawing all reasonable inferences in Ames's favor, no reasonable factfinder could "conclude that the plaintiff's race . . . caused [an] . . . adverse employment action."   *Ortiz*, 834 F.3d at 765.   Thus, for any one of the above reasons, Ames's Title VII race discrimination claim against Defendants is **dismissed with prejudice**.

    2. Retaliation Claim

Ames fails to allege enough facts to state a plausible claim against Defendants for retaliation.  "To establish a *prima facie* case of retaliation under Title VII, [a plaintiff] must show: (1) [she] engaged in a statutorily protected activity, (2) [her] employer took a materially adverse action against [her], and (3) there is a causal link between the protected activity and the adverse action." *Mollet v. City of Greenfield*, 926 F.3d 894, 896 (7th Cir. 2019).

Here, Ames pleaded enough factual detail to show that the first element of a retaliation claim can be met because she filed an EEOC complaint and alleges that she "informed Hr [sic] (Valerie Westell) that [she] served Barbara [Hutchinson] with a cease and desist letter and [she] wanted her activity to stop." (3d Am. Compl., ECF No 21 at 21.)  Although Ames does not specify whether she formally complained to Human Resources, "an informal complaint may constitute protected activity for the purposes of retaliation claims." *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009).

However, Ames fails to allege sufficient factual detail to show that the second element can be met.  Ames alleges that the cause of the retaliation was due to Hutchinson "using her management connections to have her friends give [Ames] write-ups so that [she] could get fired." (3d Am. Compl., ECF No. 21 at 40.)  In the EEOC Charge, Ames explained that Hutchinson told a co-worker: "she did not like her boyfriend dating African American women" such as Ames.  (EEOC Charge, ECF No. 1-5.)  A few days after Ames filed a complaint based on this incident, she was written up by Patton, a close friend of Hutchinson, for running stop signs on company

property.  (*Id.*; *see also* 3d Am. Compl., ECF No. 21 at 41.)  Ames also alleges that she was written-up for a second safety violation—again, for running through a stop sign. (ECF No. 21 at 41.)  The third safety-violation write-up was for not wearing hearing protection.  (*Id.* at 42.)  Ames also alleges retaliation in that "management" was requested to write letters and videotape her, including a letter to cover up Hutchinson's alleged actions in "physically scarring" Ames.  (*Id.*)  These facts do not plausibly allege a materially adverse employment action because there was no significant change in employment status.  *See Stutler*, 263 F.3d at 703.  And a write-up or letter, just like a negative performance evaluation, "does not in itself constitute an adverse employment action."  *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 739 (7th Cir. 2006).

Even assuming that the alleged actions were materially adverse, Ames fails to offer any factual detail or otherwise show any connection between the protective activity and those actions.  Instead, Ames offers mere conclusory allegations of why Defendants retaliated against her.  For example, she states that: "The manager that wrote you up is right and you're wrong, and that's why retaliation is prevalent in the workplace."  (3d Am. Compl., ECF No. 21 at 27.)  But, as noted, Ames cannot even point to any material action that qualifies as an adverse action in this case.

Because she does not plausibly allege that FedEx took an adverse action against her, she cannot show that there is a "causal link between the protected activity and the adverse action."  *Mollet*, 926 F.3d at 896.  Thus, Ames's retaliation claim against Defendants is **dismissed with prejudice**.

## 3. Health Insurance Portability and Accountability Act (HIPAA) Claim

Ames seeks relief for alleged violations of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d-1 to d-7.  (3d Am. Compl., ECF No. 21 at 6, 15, 17-18, 32, and 44.)  While the parties have not addressed this matter in their briefing, the Court need not delve into whether or not any violations have properly been pleaded or even occurred because "HIPPA confers no private right of action."  *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019).  In other words, "HIPAA does not confer individual enforcement rights—express or implied." *Id.*  Instead, "[m]edical professionals . . . are bound by the statute's disclosure prohibitions and confidentiality requirements."  And enforcement is up to "the Department of Health and Human Services, not to private plaintiffs," *id.,* even those like Ames who allege harm from disclosure of their sensitive medical information.

This same infirmity would apply to any such allegations against non-moving defendants Dickerson (*see*, *e.g.*, 3d Am. Compl., ECF No. 21 at 33, 44), and Miller (*see*, *e.g.*, 3d Am. Compl., ECF No. 21 at 36, 39, 44).  Therefore, the HIPPA claims against all Defendants are **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

### 4. Computer Misuse

Initially, the Court notes that "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").  However, the Complaint contains some scattershot allegations that, when construed broadly could

appear to invoke federal question jurisdiction.  For example, the Complaint alleges "intrusion" and "hacking" into her e-mail accounts, (3d Am. Compl., ECF No. 21 at 24), "retrieving" information from her phone, (*id.* at 25), "cyberbullying" through "access" to her "internet and phone lines," (*id.* at 27), "using computers and phone systems to harass" her, (*id.* at 31), and "watching me in my home, scanning phone calls, and computer access," (*id.* at 32).  Similar allegations are made against non-moving defendant Miller.  (3d Am. Compl., ECF No. 21 at 33 ("Cyberbullying - using internet sources to watch me in my home"), 37 (having non-defendant "add devices in my home that allow[ ] unwanted surveillance through my TV and Listening devices"), 38 ("surveillance," "Stealing funds from my Paypal account and monies from Chase Bank," and "Hacking into my email account and exposing personal information).)  Though any specific allegations in this regard appear to be missing with respect to FedEx and Patton, the relief section sets forth generally "Hacking into an Email account, and exposing information that's private and personal," (3d Am. Compl., ECF No. 21 at 46), without specifying any particular party.  Again, the parties have not specifically addressed these allegations in their briefing.

While primarily a criminal statute, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.* provides for a civil cause of action by "[a]ny person who suffers damage or loss by reason of a violation of [the CFAA]" if the violation "involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* § 1030(g).  Those factors are: (I) loss during any one-year period of at least $5,000; (II) modification or impairment or potential modification or impairment of medical

examination, diagnosis, treatment, or care of a person; (III) physical injury to a person; and (IV) threat to public health or safety. *Id.* § 1030(c)(4)(A)(i). The CFAA prohibits various conduct, including intentionally accessing a "protected computer without authorization and as a result of such conduct, causes damage and loss." *Id.* § 1030(a)(5)(C). However, the Complaint here, like the prior complaints, contains insufficient factual matter to state a plausible claim for a violation of the CFAA. The Complaint lacks any factual allegations suggesting how the CFAA may have been violated. Ames must set forth basic facts about which defendant did what to violate any of the enumerated factors, and about any damage or loss due to any such violation. *See* Fed. R. Civ. P. 8(a). Mere conclusory allegations such as "computer misuse" "cyberbullying," or hacking into account" will not do. *Twombly*, 550 U.S. at 557.

As stated, the Complaint lacks sufficient factual allegations to state a plausible claim as to a CFAA violation, and any such claims against all Defendants are **dismissed with prejudice**.

### D. Remaining Pendent State-Law Claims

Ames raises a plethora of amorphous state law claims—murder; elder abuse; assault; battery; cyberbullying; defamation; embezzlement; wrongful appropriation of name, likeness, or identity; threats of violence; stalking; baiting; voyeurism; invasion of privacy; intentional infliction of emotional distress, etc.—against all Defendants.[3] The Court has a continuing duty throughout the course of litigation to ensure it has

---

[3] Ames invokes Section 26(b) of the "Indian Telegraph Act," but the Court is unaware of any such federal statute extant in the United States. The reference to this Act is in connection with the alleged cyberbullying, which appears to be under the law of the nation of India (*See* Indian Telegraph Act, 1885). (ECF No. 21 at 27.)

jurisdiction. The Court need not exercise supplemental jurisdiction over pendent state-law claims when the basis for original jurisdiction is gone. 28 U.S.C. § 1367. Here, Ames's Title VII, ADA, and ADEA claims are dismissed with prejudice, as are her HIPPA claims and any claims under CFAA. Therefore, for the Court to have jurisdiction over Ames's remaining state-law claims,[4] Ames must plead another basis, such as diversity, for the Court's jurisdiction.

Ames has not properly pleaded that this Court has diversity jurisdiction over her remaining pendent state-law claims. In order to invoke diversity jurisdiction in a civil case, the matter must be between citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Here, because Ames has not pleaded either the amount in controversy or the citizenship of any of the Defendants (notably, though, all individual defendants are listed in the pleadings as having home addresses in Indianapolis, Indiana), the Court does not have diversity jurisdiction over Ames's remaining claims. Lacking either federal question or diversity jurisdiction in this case, the Court declines to extend supplemental jurisdiction over any state law claims, which are therefore **dismissed**. For the same reasons, all state law claims against Defendants Jocelyn Miller and Tamika Dickerson are **dismissed**.

---

[4] "[J]urisdiction over supplemental claims should be retained even though the federal claims have dropped out: where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citation omitted). The Court finds that none of the three reasons apply to Plaintiff's remaining state-law claims. Therefore, Plaintiff needs to properly allege another basis for this Court's jurisdiction over her remaining pendent state-law claims.

"District courts . . . 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Gonzales-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)).  Ames is not granted leave to amend her complaint to properly plead this Court's basis for jurisdiction over her remaining pendent state-law claims because doing so would be futile given that all individual defendants are citizens of Indiana and Ames does not allege pendent state-law claims against Defendant FedEx.

### E.  Identifying Defendants to the Complaint

As noted, FedEx, Hutchinson, Murtland, and Patton have moved to dismiss the Complaint.  A review of the Complaint, however, could lead to confusion about who is actually a defendant in this action.  The caption identifies those defendants just named as "Defendant[s]."  (ECF No. 21 at 1.)  The Complaint continues by specifically naming "The Parties in This Complaint (Defendants)" as Murtland, Hitchinson, Patton, Miller, and Dickerson.  (*Id.* at 1–3.)  FedEx is omitted from this section of the Complaint.  Nonetheless, the Clerk issued a Summons to FedEx, (*see* ECF No. 8), and an appearance by counsel was entered on FedEx's behalf, (ECF No. 13).  To add to potential confusion as to who is a defendant, the beginning of the Complaint includes a section identifying the following persons after the term "Summons:"  Henry Willis, Dustin Ward, Jornette Malone, Benita Gaskins, James Kilgore, and Anthony Carr.  (*Id.* at 1.)  The Clerk was presented with and Issued a Summons to James Kilgore

19

and Charles Holmes, (ECF No. 23-2, 23-3), neither of whom is named as a Defendant in this action.  Holmes is an attorney who entered an appearance on FedEx's behalf in this case.  (ECF No. 18.)  (No Summons have been issued to Willis, Ward, Malone, Gaskins, or Carr.)  A review of the Complaint discloses that of Willis, Ward, Malone, Gaskins, Kilgore and Carr, all but Kilgore are actually: (1) named as witnesses to the allegations made against the named Defendants; (2) were the reason for alleged "revenge" by the named Defendants; (3) or both; (4) or, in the case of Ward and Malone, are not mentioned any further in the Complaint.  As for Kilgore, the Complaint alleges that he was an accessory to Miller's attempted murder of Ames's mother.  (ECF No. 21.)

To the extent Ames attempts to assert any Title VII, ADA, or ADEA claim against these other persons, such claims are noncognizable individual liability claims and should be dismissed.  To the extent she attempts to assert a HIPPA claim against these persons, such claims are dismissed for failure to state a claim.  To the extent she attempts to assert a CFAA claim against these persons, such claims are dismissed for failure to state a claim.  To the extent Ames attempts to assert any state-law claims against these other persons, the Court lacks subject-matter jurisdiction over such claims and they are dismissed as well.

### III.  Remaining Motions

Ames has filed a document entitled, "Timely Response – Belated Response," (ECF No. 29), in which she has sought "to send a personal letter to the Judge." (ECF No. 29 at 2.)  Although not presented in a "motion," her request is **denied as moot** as

well as being improper *ex parte* communication.  To the extent the document purports to be a response to Defendants' Motion to Dismiss, it does not respond meaningfully to the motion.  Any arguments that Ames could have made in response to the Motion to Dismiss have been waived.  *See, e.g.*, *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017) ("failure to respond to an argument generally results in waiver").

Ames has filed a Petition to Expedite Trial, (ECF No. 30), which is **denied as moot** because her claims are dismissed.  Ames also moves for a Settlement Conference, (ECF No. 31), which is likewise **denied as moot**.

## Conclusion

For the above reasons, Defendants' Motion to Dismiss, (ECF No. 27), is **granted**. Ames's failure to cure any previously identified deficiencies— combined with pleading facts that affirmatively show she is not entitled to certain claims—suggests permitting leave to amend would be futile, so the dismissal of the federal claims against all Defendants will be **with prejudice**.  All federal claims against the individual defendants in this case, movants and non-movants alike, are **dismissed with prejudice**.  All federal claims against Defendant FedEx are also **dismissed with prejudice**.  All pendent state-law claims against all defendants are **dismissed without prejudice**, but Plaintiff is not granted leave to amend because doing so would be futile and because of Plaintiff's repeated failure to cure her deficiencies.  *See Gonzales-Koeneke*, 791 F.3d at 807.

Ames's Motion to Withdraw Amended Complaint, (ECF No. 24), is **granted**. Ames's Petition to Expedite Trial (ECF No. 30) is **denied as moot**.  Ames's Motion

for Settlement Conference, (ECF No. 31), is also **denied as moot**.  Final judgment

will issue under separate order.

      **SO ORDERED.**


Date: _____3/29/2021_____

                                            JAMES R. SWEENEY II, JUDGE
                                            United States District Court
                                            Southern District of Indiana


Distribution by CM/ECF to all registered counsel of record